# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **GERARDO ORTIZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 17 C 4876** |
| | ) | |
| **v.** | ) | **Magistrate Judge M. David Weisman** |
| | ) | |
| **NANCY A. BERRYHILL, Acting** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Gerardo Ortiz brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration Commissioner's decision denying his application for benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

## Background

Plaintiff applied for disability benefits on September 30, 2013, alleging a disability onset date of January 1, 2008. (R. 72.) His application was initially denied on January 2, 2014, and again on reconsideration on September 22, 2014. (R. 85, 114.) Plaintiff requested a hearing, which was held by an Administrative Law Judge ("ALJ") on March 4, 2016, when plaintiff was twenty-one. (R. 39-71.) On May 31, 2016, the ALJ issued a decision finding plaintiff not disabled. (R. 24-33.) The Appeals Council denied review (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner. *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the claimant's impairment meets or equals any listed impairment; (4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) if not, whether he is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the Commissioner to provide evidence that the claimant is

capable of performing work existing in significant numbers in the national economy. *See* 20

C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity

since the alleged onset date. (R. 26.) At step two, the ALJ found that plaintiff has the severe

impairments of "affective disorder; attention-deficit hyperactivity disorder; [and] oppositional

defiant disorder." (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment

or combination of impairments that meets or medically equals the severity of a listed

impairment. (R. 27.) At step four, the ALJ found that plaintiff is unable to perform past relevant

work (R. 31) but has the RFC "to perform a full range of work at all exertional levels . . . limited

to simple routine tasks in a low stress environment" and certain other limitations. (R. 28.) At

step five, the ALJ found that there are a significant number of jobs in the national economy that

plaintiff can perform, and thus he is not disabled. (R. 31-32.)

Plaintiff contends that the ALJ erred in assessing the opinions of Dr. Green, plaintiff's

treating physician. An ALJ must give a treating physician's opinion controlling weight if "it is

well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not

inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2);

*Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must give "good reasons" for the

weight that it assigns a treating physician's opinion. *Bates v. Colvin*, 736 F.3d 1093, 1101 (7th

Cir. 2013) (quotation omitted). "If an ALJ does not give a treating physician's opinion

controlling weight, the regulations require the ALJ to consider the length, nature, and extent of

the treatment relationship, frequency of examination, the physician's specialty, the types of tests

performed, and the consistency and supportability of the physician's opinion." *Moss v. Astrue*,

555 F.3d 556, 561 (7th Cir. 2009); *see* 20 C.F.R. § 404.1527(c)(2).

Among other things, Dr. Green said plaintiff has "depressed mood," "social isolation," "high levels of irritability," "violent behavior," and "loss of motivation." (R. 525-26.) She further said that plaintiff "has significant difficulty" initiating, sustaining or completing tasks independently, has a "poor working memory," "frequently forgets instruction," is "easily distracted from task[s]," and cannot "work in a non-sheltered work setting." (R. 527, 615.) Nonetheless, the doctor noted that plaintiff did not have "serious limitations with completion of household duties" or "independent public transportation." (R. 527.)

With respect to Dr. Green's opinions, the ALJ said:

> Dr. . . . Green noted that the claimant could complete household chores, and use public transportation independently. He had serious limitations with his ability to independently initiate, sustain or complete tasks. He can respond appropriately to supervision, coworkers and customary work pressures. He could perform tasks on an autonomous basis without direct step-by-step supervision/direction. He has serious limitations in performing tasks on a sustained basis without undue interruptions and distractions. The undersigned affords some weight to Dr. Green's opinion, as she notes, the claimant does not have difficulty responding to supervisors or co-workers, consistent with his ability to interact with his treating counselor, doctors and family members without difficulty. The claimant learned conflict resolution and ways of avoiding conflict through several years of therapy, which makes him appropriate for work environment contact with supervisors and co-workers. The claimant can work independently, but may be distracted; consequently, reducing him [sic] simple tasks/simple instructions well accommodates his limitations.

(R. 29.) This passage suggests that the ALJ rejected the bulk of Dr. Green's opinions *i.e.*, that plaintiff is socially isolated, has little motivation, high levels of irritability, a poor memory, forgets instructions, is *easily* distracted, and is unable to "work in a non-sheltered work setting." (R. 527, 615.) Yet the ALJ offered no reason, let alone a good one, for rejecting these opinions, as she was required to do. *See Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (noting that an ALJ is not required to give a treater's opinion controlling weight but must "provide a sound explanation for [her] decision to reject it"); *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000)

("The ALJ did not provide any explanation for his belief that Clifford's activities were inconsistent with Dr. Combs's opinion and his failure to do so constitutes error."). The ALJ's failure to provide some explanation of *why* she rejected portions of Dr. Green's opinions is error.

Moreover, even if the ALJ had a valid, albeit unexpressed, basis for refusing to give Dr. Green's opinions controlling weight, she was still required to assess the doctor's opinions in accordance with the regulatory factors. *See Moss*, 555 F.3d at 561; *see also* 20 C.F.R. § 404.1527(c). Given that Dr. Green is a psychiatrist, treated plaintiff every one to two months for two years, offered opinions on plaintiff's symptoms that were consistent with plaintiff's high school records and his testimony, and offered opinions on plaintiff's ability to maintain concentration, persistence and pace that were consistent with those of the agency reviewers (*see* R. 50, 52-54, 57, 60, 63-64, 81-82, 96-67, 452-53, 525-28, 534-35, 548-59, 609-16), an evaluation of the regulatory factors may have led the ALJ to assign more weight to Dr. Green's opinions.

Defendant "concedes that the ALJ could have better articulated how she considered Dr. Green's February 2014 opinion" (Def.'s Resp. Pl.'s Mot. Summ. J., ECF 24 at 8), but essentially argues that any error is harmless because the ALJ "accommodated Dr. Green's opinion in the RFC." (*Id.* at 3.) The RFC states that plaintiff can:

> [P]erform a full range of work at all exertional levels . . . limited to simple routine tasks in a low stress environment defined as having only occasional simple work-related decisions and few if any changes to the work environment; . . . be around coworkers but only occasional interaction[,] . . . no tandem tasks, team tasks or tasks where on [sic] production step depends upon another; no contact with the public; breaks every 2 hours which can be accommodated by routine tasks and lunch and will need additional breaks up to 5% of the workday.

(R. 28.) As an initial matter, the RFC assumes, apparently from Dr. Green's notation that plaintiff can do chores and take public transportation, that plaintiff is capable of working

independently on a full-time basis, a leap of logic not supported by Dr. Green's opinions. Further, it is not clear how an RFC that consigns plaintiff to routine work with breaks every two hours accommodates plaintiff's motivation and memory problems or his tendency to be distracted that Dr. Green observed. In short, the RFC does not accommodate Dr. Green's opinions or otherwise cure the ALJ's failure to assess those opinions properly. Accordingly, this case must be remanded.[1]

### Conclusion

For the reasons set forth above, the Court reverses the Commissioner's decision and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                                   **ENTERED: February 22, 2018**

_M. David Weisman_

**M. David Weisman**
**United States Magistrate Judge**

---

[1]Plaintiff also challenges the ALJ's RFC determination. Because that determination depends on a proper assessment of the medical evidence, it will also have to be revisited on remand.